# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

No. 25-2194

MARK W. BROWN, JR.,

                                                                                              Plaintiff - Appellant

v.

CITY OF DURHAM; CITY OF DURHAM POLICE DEPARTMENT; PATRICE V. ANDREWS; GEORGE ZEPEKKIS; AND TYLER STEBBINS,

                                                                                             Defendants - Appellees

## PLAINTIFF-APPELLANT'S MOTION TO RECONSIDER RULE 45 ORDER AND REINSTATE APPEAL

NOW COMES Plaintiff-Appellant Mark W. Brown, Jr., by and through his undersigned attorney, pursuant to Fed. R. App. P. 2 and 27 and Local Rule 45, and moves this court to reconsider DOC11 Order Dismissing Case for Failure to Prosecute and DOC12 Rule 45 Order and to deem the Docketing Statement, Disclosure Statement, and Notice of Appearance filed today as timely and to reinstate Plaintiff-Appellant's appeal. In support of this motion, and as good cause for this motion and

1

the relief requested, Plaintiff-Appellant shows as follows:

1. On December 11, 2025, this Honorable Court issued DOC11 and DOC12 dismissing the instant appeal pursuant to Local Rule 45, on the ground of failure to file the required Appearance of Counsel, Disclosure Statement, and Docketing Statement within the prescribed period.

2. With due respect, the undersigned humbly prays for reconsideration of said Orders and for the reinstatement of the appeal, as the omission was unintentional, promptly rectified, and constitutes excusable oversight, not a deliberate disregard of procedural rules.

3. The time for filing the opening brief has not expired and Plaintiff-Appellant is prepared to file the same in a timely manner.

4. Plaintiff-Appellant has already filed the Joint Appendix.

5. Plaintiff-Appellant has fully intended to prosecute this case, and has filed the Joint Appendix, which is evidence of the same.

6. Counsel prepared the Notice of Appearance, the Disclosure Statement, and the Docketing Statement on November 19,

2025.

7. Counsel cannot explain how it came to be that she did not file the required forms after preparing them.

8. The undersigned can only offer that, in addition to being out of the office when the Rule 45 notice (DOC10) was issued on November 19, 2025, and thereafter missing the notice when reviewing her email, the undersigned has been ill, and also under the time and resource constraints in other pending matters which were the basis for the motion to extend the time to file the opening brief on November 17, 2025..

9. The failure to file the required form was caused by inadvertence and was not willful, nor intended to delay proceedings. At all times since filing for the motion to extend time, the undersigned has been unaware of the fact that the she failed to file the required forms.

10. Immediately upon receipt of DOC11 and DOC12 the undersigned filed the documents previously prepared but not filed in substantial but untimely compliance with Rule 45.

11. Rule 45 expressly contemplates the reinstatement of an appeal: "The appellant shall not be entitled to reinstate the

3

case and remedy the default after dismissal under this rule, **unless by order of this Court for good cause shown**."

12. This language explicitly recognizes that reinstatement is a matter within the Court's discretion, and that a Rule 45 dismissal—particularly one based on a curable procedural defect such as failure to file required forms—is not jurisdictional and may be vacated when circumstances warrant.

13. Here, the omission was inadvertent, promptly corrected, and caused no prejudice to any party. Because the dismissal resulted from a procedural default rather than a merits determination, reinstatement is both authorized and appropriate.

14. The Supreme Court has consistently held that substantial compliance and the interest of justice may warrant relaxation of technical rules, particularly when the lapse does not prejudice the other party and when the issues raised are substantial.

15. Under Federal Rule of Appellate Procedure 2, this Court "may—on its own or a party's motion—suspend any provision

4

of these rules in a particular case and order proceedings as it directs," where doing so is necessary to avoid injustice.

16. A Local Rule 45 dismissal for failure to file forms is exactly the type of nonjurisdictional, procedural matter for which Rule 2 empowers the Court to grant relief. Strict application of the rules here would elevate form over substance, foreclose review of potentially meritorious legal issues, and produce an inequitable result wholly disproportionate to the oversight that occurred.

17. Thus, reinstatement therefore falls squarely within the Court's Rule 2 authority to suspend or relax procedural rules to reach a just outcome.

For the foregoing reasons, Plaintiff-Appellant requests that the Court reconsider its Orders in DOC11 and DOC12 and reinstae Plaintiff-Appellant's appeal and deem the required documents filed today as timely filed.

Dated: December 11, 2025

Respectfully submitted,

/S/ VALERIE L. BATEMAN
Valerie L. Bateman

5

                                                    NC State Bar: 13417
                                                    NEW SOUTH LAW FIRM
                                                    209 Lloyd St., Ste 350
                                                    Carrboro, NC 27510
                                                    valerie@newsouthlawfirm.com
                                                    T: 919-810-3139
                                                    F: 919-823-6383
                                                    *Counsel for Plaintiff-Appellant*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify the foregoing **MOTION** filed with the Circuit Clerk of the United States Court of Appeals for the Fourth Circuit, through the appellate CM/ECF system, will be served electronically to the registered participants via the Notice of Docket Activity.

Dated: December 11, 2025

>/S/ VALERIE L. BATEMAN
>Valerie L. Bateman
>NC State Bar: 13417
>NEW SOUTH LAW FIRM
>209 Lloyd St., Ste 350
>Carrboro, NC 27510
>valerie@newsouthlawfirm.com T: 919-810-3139
>F: 919-823-6383