# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | | |
|---|---|---|
| **Appeal No. & Caption** | 25-2194 | Mark W. Brown Jr. v. City of Durham et al |
| **Originating No. & Caption** | 1:23-cv-01038 | Mark W. Brown Jr. v. City of Durham et al |
| **Originating Court/Agency** | MDNC | |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 USC 1291 | |
| Time allowed for filing in Court of Appeals | 30 | |
| Date of entry of order or judgment appealed | 05.13.25 (order); 05.14.25 (jmt) | |
| Date notice of appeal or petition for review filed | 10.06.25 | |
| If cross appeal, date first appeal filed | | |
| Date of filing any post-judgment motion | 06.08.25 | |
| Date order entered disposing of any post-judgment motion | 09.16.25 | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final judgment or order? | ● Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ● No |

1/28/2020 SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ● No |
| Has transcript been filed in district court? | ○ Yes | ● No |
| Is transcript order attached? | ○ Yes | ● No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ● No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ● Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ● No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ● No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| Plaintiff made claims of constructive discharge based on 1) race, sex discrimination under Title VII and 2) retaliation based on his complaints about retaliation under Title VII and 3) retaliation for raising for raising matters of public concern and engaging in protected first amendment activity in violation of 42 U.S.C. 1983 which were disdmissed by the Court under F.R. Civ. P. 12(b).  In addition, the Court denied Plaintiff's Motion to Amend his Complaint. |

**Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary)

Whether the district court erred in granting Defendant's Motion to Dismiss and in denying Plaintiff's motion to amend his complaint.

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.)

| Adverse Party: City of Durham; City of Durham Police Department | Adverse Party: George Zeipekkis |
|---|---|
| Attorney: Anne Marie Tosco, Sarah Laws | Attorney: Anne Marie Tosco, Sarah Laws |
| Address: Durham City Attorney's Office<br>101 City Hall Plaza<br>Durham, NC 27701 | Address: Durham City Attorney's Office<br>101 City Hall Plaza |
| E-mail: sarah.laws@durhamnc.gov | E-mail: sarah.laws@durhamnc.gov |
| Phone: (919) 560-4158 | Phone: (919) 560-4158 |

**Adverse Parties (continued)**

| Adverse Party: Tylker Stebbins | Adverse Party: Patrice V. Andrews |
|---|---|
| Attorney: Anne Marie Tosco, Sarah Laws | Attorney: Anne Marie Tosco, Sarah Laws |
| Address: Durham City Attorney's Office<br>101 City Hall Plaza | Address: Durham City Attorney's Office<br>101 City Hall Plaza |
| E-mail: sarah.laws@durhamnc.gov | E-mail: sarah.laws@durhamnc.gov |
| Phone: (919) 560-4158 | Phone: (919) 560-4158 |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: Mark W. Brown Jr.<br><br>Attorney: Valerie L. Batema<br>Address: New South Law Firm<br>209 Lloyd St., Ste 350<br>Carrboro, NC 27510<br><br>E-mail: valerie@newsouthlawfirm.com<br>Phone: 919.810.3139 | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br>Phone: |
| **Appellant (continued)** ||
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br>Phone: |

Signature: /s/ Valerie L. Bateman          Date: 11/19/2025

Counsel for: Plaintiff-Appellant

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

|  |  |
|---|---|
|  |  |

Signature:                                              Date: